946 S.W.2d 912 (1997)
Calvin WASHINGTON, Appellant,
v.
The STATE of Texas, Appellee.
No. 03-96-00142-CR.
Court of Appeals of Texas, Austin.
June 5, 1997.
Rehearing Overruled July 3, 1997.
Andrew Shuvalov, Austin, for Appellant.
Ronald Earle, District Attorney, Jonathan Stick, Assistant District Attorney, Austin, for Appellee.
Before CARROLL, C.J,. and ABOUSSIE and B.A. SMITH, JJ.
ABOUSSIE, Justice.
Calvin Ray Washington pleaded guilty to possession of a controlled substance and was sentenced to ten years' imprisonment. See Tex. Health & Safety Code Ann. § 481.115 (West Supp.1997).[1] Additionally, certain items of his property were forfeited in a separate forfeiture proceeding. See Tex. Code Crim. Proc. Ann. art. 59.01-.05 (West Supp.1997). He appeals from his conviction. We will affirm the judgment.

BACKGROUND
Before Washington was indicted, the State filed a forfeiture action against miscellaneous jewelry, electronics equipment, and $4,517.85 in U.S. currency and coin. See id. The State alleged that the items seized were contraband used and intended to be used in the commission of a felony or, in the alternative, that the items were the proceeds gained from the commission of a felony or were acquired with proceeds gained from the commission of a felony. A default judgment was rendered in the forfeiture action. Once indicted for possession of a controlled substance, Washington filed a special plea in bar claiming the State's prosecution on the controlled substance charge was barred by double jeopardy. The trial court denied his plea, and *913 Washington subsequently entered a guilty plea under the terms of a plea agreement.

DISCUSSION
Washington contends in two points of error that the trial court erred by denying his motion of special plea in bar. He argues that the forfeiture constituted punishment and placed him in jeopardy and, therefore, his subsequent prosecution was barred by the double jeopardy clauses of both the United States and the Texas constitutions. See U.S. Const. amend. V; Tex. Const. art. I, § 14. We disagree.
In United States v. Ursery, ___ U.S. ___, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996),[2] the United States Supreme Court held that generally civil forfeitures do not constitute punishment for purposes of the Double Jeopardy Clause of the Fifth Amendment. Id. at____, 116 S.Ct. at 2149. The Court outlined a two-part test for determining whether jeopardy attaches during a forfeiture proceeding. Id. at____, 116 S.Ct. at 2147; see Gaston v. State, 930 S.W.2d 222, 224 (Tex.App.Austin 1996, no pet.). The Texas Court of Criminal Appeals recently applied this test in determining whether a forfeiture action under the Texas statute subjected a defendant to double jeopardy. See Fant v. State, 931 S.W.2d 299, 306-08 (Tex.Crim.App.1996). The court held that forfeiture pursuant to Chapter 59 of the Texas Code of Criminal Procedure is a civil in rem proceeding, neither punitive nor criminal in nature, for the purposes of the Double Jeopardy Clause of the Fifth Amendment. Id. at 309. Before the court of appeals, Fant had asserted that his prosecution under both the forfeiture statute and a criminal statute violated both the Texas and United States constitutions. Fant v. State, 881 S.W.2d 830, 831-32 (Tex.App.Houston [14th Dist.] 1994), rev'd, 931 S.W.2d 299 (Tex. Crim.App.1996). Because the intermediate appellate court determined that the state and federal double jeopardy provisions are identical and neither party challenged that conclusion, the Court of Criminal Appeals disposed of Fant on the basis that the prosecution did not violate the Fifth Amendment without making a separate analysis of the claim under the Texas Constitution. Fant, 931 S.W.2d at 302 n. 2, 309 n. 9. In accordance with Fant and this Court's opinion in Gaston, we hold that criminal prosecution of Washington following forfeiture of his property did not violate the Fifth Amendment.
As this Court implicitly held in Gaston, we see no reason why Ursery's two-part analysis should not also be applied to claims under the Double Jeopardy Clause of the Texas Constitution. See Gaston, 930 S.W.2d at 223-24. Gaston involved the forfeiture of a truck and assertions of double jeopardy. Although Gaston did not separately address the United States and Texas constitutions, double jeopardy claims were raised on appeal under both constitutional provisions.
Additionally, the Court of Criminal Appeals has held that the state and federal double jeopardy provisions are "conceptually identical." Stephens v. State, 806 S.W.2d 812, 814-15 (Tex.Crim.App.1990); Phillips v. State, 787 S.W.2d 391, 393 n. 2 (Tex.Crim. App.1990). While the court held in Bauder v. State that the Texas Constitution's double jeopardy protections were "slightly more expansive" than the federal constitution's double jeopardy protections when prosecutorial misconduct prompted a defendant to seek a mistrial, the court did not suggest that: (1) the Texas Constitution provides greater protections to defendants urging double jeopardy for multiple punishments of the same offense or (2) it intended to invalidate previous case law deciding jeopardy in multiple punishments. See Bauder v. State, 921 S.W.2d 696, 699 (Tex.Crim.App.1996); Ex parte Anthony, 931 S.W.2d 664, 667 (Tex. App.Dallas 1996, pet. ref'd).
Washington's claim is based on the "multiple punishments" prong of the double jeopardy protections, essentially asserting that he is being subjected to two punishments for the "same offense." We do not construe the Court of Criminal Appeals's ruling in Bauder to be an invitation to expand the protections provided to defendants urging double jeopardy for multiple punishments for the same offense. We, therefore, hold the Texas Constitution's Double Jeopardy *914 Clause does not offer Washington any greater protection than the federal constitution and will apply the same two-part analysis articulated in Ursery to claims under the Double Jeopardy Clause of the Texas Constitution arising after Chapter 59 forfeitures.
Under the two-part test, we must first determine whether the legislature intended the forfeiture proceeding to be criminal or civil. Fant, 931 S.W.2d at 306. Next, we must decide whether the proceeding was punitive in form and effect to the extent that the forfeiture was a criminal proceeding despite the legislature's contrary intent. Id. The Court of Criminal Appeals determined in Fant that the Texas Legislature intended to create civil, rather than criminal, forfeiture proceedings. Id. at 307. We, therefore, turn to the second part of the analysis.
Under the second step of the analysis, we must determine whether Washington established by the "clearest proof" that through forfeiture, the legislature created a sanction with such a punitive effect as to transform its intended civil remedy into a criminal penalty. See id. In rem civil forfeitures historically have not been regarded as punishment; even though a forfeiture statute may have some punitive effect, it can still constitute a remedial action. Gaston, 930 S.W.2d at 224. Civil forfeitures serve several remedial ends such as encouraging property owners to ensure that their property is not used for illegal purposes and "ensuring that persons do not profit from their illegal acts." Fant, 931 S.W.2d at 308. Forfeiting the currency, jewelry, and electronics equipment, for example, furthers the remedial purposes of preventing their use in connection with additional criminal activity and ensuring that Washington does not profit from his illegal acts. Therefore, it cannot be said that the forfeiture proceeding has been shown by the "clearest proof" to be "so punitive in form and effect as to render [it] criminal." See id.
Forfeitures under Chapter 59 are civil in rem proceedings and are not criminal in nature. Id. at 307. Additionally, Washington has not demonstrated that the punitive form or effect of the forfeiture transformed the civil remedy into a criminal penalty so as to bar his criminal prosecution under the double jeopardy clauses of either the United States or the Texas constitutions. Therefore, the trial court did not err in refusing to dismiss the indictment charging Washington with possession of a controlled substance. We overrule Washington's points of error and affirm the judgment of the trial court.
NOTES
[1] This offense took place before September 1, 1994, and is governed by the law in effect at the time the offense occurred. Because the code amendments effective September 1, 1994, have no substantive effect on this offense, we cite the current code for convenience.
[2] All citations will be to the Supreme Court Reporter.