**Ex parte Patricia Hernandez VASQUEZ.**

**No. 2–97–458–CR.**

Court of Appeals of Texas,
Fort Worth.

April 30, 1998.

Donald S. Gandy, Edward Lasater, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, David M. Curl, William H. Koos, Ann Wright, Asst. Criminal Atty., Fort Worth, for appellee.

Before DAY, LIVINGSTON and BRIGHAM, JJ.

## OPINION

LIVINGSTON, Justice.

### I. INTRODUCTION

Appellant Patricia Hernandez Vasquez appeals from the trial court's denial of her application for writ of habeas corpus. In a single point, appellant contends the trial court erred in denying her application for writ of habeas corpus because article I, section 14 of the Texas Constitution and article 1.10 of the Texas Code of Criminal Procedure provide greater double jeopardy protection than do the Fifth and Fourteenth amendments to the United States Constitutions. We affirm the trial court's denial of habeas corpus relief.

### II. FACTUAL BACKGROUND

On August 30, 1993, police executed a search and arrest warrant on appellant's apartment. Police seized $11,289 from appellant's purse and 84.5 grams of cocaine from her apartment. Appellant was arrested and charged with possession of more than 28 grams but less than 200 grams of a controlled substance. Forfeiture proceedings were instituted in regard to the money and several other items seized in the search. Default judgment was entered in the forfeiture proceeding. Appellant filed a pre-trial application for writ of habeas corpus contending that the prosecution was barred by double jeopardy under the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. The trial court denied appellant's request for habeas corpus relief.

### III. DISCUSSION

Appellant acknowledges that the United States Supreme Court and the Texas Court of Criminal Appeals have both held that civil forfeitures do not constitute punishment for purposes of the double jeopardy clause of the Fifth Amendment. *See United States v. Ursery,* 518 U.S. 267, 291–91, 116 S.Ct. 2135, 2149, 135 L.Ed.2d 549, 571 (1996); *Fant v.*

*State,* 931 S.W.2d 299, 306–09 (Tex.Crim.App. 1996) (echoing the court in *Ursery* in holding that forfeiture under Chapter 59 of the Texas Code of Criminal Procedure is a civil in rem proceeding, and is neither punitive nor criminal in nature for the purposes of the double jeopardy clause of the Fifth Amendment). However, appellant cites *Bauder v. State,* 921 S.W.2d 696 (Tex.Crim.App.1996) for the proposition that the Texas Constitution provides greater double jeopardy protection than its federal counterpart. *See id.* at 699 (finding that, in case involving mistrial after prosecutorial misconduct, Texas double jeopardy provision provides "slightly more expansive" protection).

The Austin Court of Appeals recently differentiated *Bauder* in relation to a civil forfeiture proceeding and held that prosecution of a defendant after a civil forfeiture proceeding does not violate the Texas Constitution. *See Washington v. State,* 946 S.W.2d 912, 913–14 (Tex.App.—Austin 1997, pet. ref'd) (finding that "the [*Bauder*] court did not suggest that: (1) the Texas Constitution provides greater protections to defendants urging double jeopardy for multiple punishments of the same offense or (2) it intended to invalidate previous case law deciding jeopardy in multiple punishments.") Appellant acknowledges that *Washington* is directly on point, but argues that it was wrongly decided. However, our review of *Washington* and the applicable case law leads us to the same conclusion reached by the Austin court, namely that the Texas double jeopardy provision does not bar prosecution of a defendant after civil forfeiture proceedings have been instituted. *See id.* at 912–14. Therefore, we overrule appellant's sole point and affirm the trial court's denial of habeas corpus relief.