NO. 12-01-00208-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



§
 APPEAL FROM THE 241ST

EX PARTE:

§
 JUDICIAL DISTRICT COURT OF

RANDY MARK POOL

§
 SMITH COUNTY, TEXAS

______________________________________________________________________________ Appellant Randy Mark Pool filed a pretrial writ of habeas corpus alleging a violation of the
double jeopardy provisions of the United States and Texas Constitutions, which the trial court
denied. In four issues, Appellant challenges the trial court's ruling. We affirm.


Background

 In June 2000, Appellant agreed to a protective order under which his then-wife, Kathryn
Pool ("Kathryn"), was granted exclusive use and possession of their residence. The protective order
contained the usual prohibitions against family violence and threatening or harassing
communications and provided that Appellant was not to go to or near the residence except under
certain agreed conditions. See Tex. Fam. Code Ann. §§ 85.021, 85.022 (Vernon Supp. 2002).

 On October 6, 2000, Appellant allegedly broke into the residence by kicking in a door and
beat Kathryn about her head and face with his hands. Subsequently, Appellant was charged by
complaint and information with violating the protective order, a Class A misdemeanor. Tex. Pen.
Code Ann. § 25.07 (Vernon Supp. 2002).

 On March 1, 2001, Appellant was indicted for burglary of a habitation, a felony of the first
degree. Tex. Pen. Code Ann. § 30.02 (Vernon Supp. 2002). It is undisputed that the burglary
charge arises out of the same October 6, 2000, incident as the charge of violating the protective
order.

 On March 29, 2001, Appellant pleaded guilty to the misdemeanor charge and was sentenced
to one year in the county jail. Thereafter, Appellant filed an application for writ of habeas corpus,
contending that trial of the burglary case should be barred by the federal and state prohibitions
against double jeopardy because the two charges arose from the same incident. Habeas corpus relief
was denied, and this interlocutory appeal follows.


Habeas Corpus

 We must first consider whether we have jurisdiction over this appeal. It is well-settled that
no appeal lies from a trial court's refusal to issue a writ of habeas corpus. Ex parte Noe, 646 S.W.2d
230 (Tex. Crim. App. 1983); Ex parte Moorehouse, 614 S.W.2d 450 (Tex. Crim. App. 1981); Ex
parte Johnson, 561 S.W.2d 841 (Tex. Crim. App. 1978). If a trial court grants a writ of habeas
corpus but subsequently denies relief on the application, the applicant has the right to appeal. Ex
parte McCullough, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998); Verdin v. State, 13 S.W.3d 121,
122 (Tex. App.-Tyler 2000, no pet.).

 Appellant argues that though the trial court purported to deny the writ, it did rule on the
merits of the application, and, therefore, this court has jurisdiction over the appeal. The crucial
question is not whether the trial court did or did not issue the writ, but whether the court did or did
not consider and resolve the merits of the petition. See Ex parte Hargett, 819 S.W.2d 866, 869
(Tex. Crim. App. 1991); Ex parte Gonzales, 12 S.W.3d 913, 914 (Tex. App.-Austin 2000, pet.
ref'd). If the trial court reaches the merits of the habeas corpus application, its ruling is appealable
even if it comes in the form of an order refusing to issue the writ. See Ex parte Hargett, 819 S.W.2d
at 869. On the other hand, even where it is likely that the trial court's decision not to issue the writ
was based, at least in part, on a determination that appellant's claims lacked merit, that alone does
not entitle appellant to an appeal. Ex parte Miller, 931 S.W.2d 724, 725 (Tex. App.-Austin 1996,
no pet.).

 In the instant case, the trial court's docket sheet notations include neither express nor implied
findings on the merits of Appellant's claim of double jeopardy, and the docket sheet includes the
notation, "Writ denied." However, our review of the reporter's record reveals that the trial court
based its decision, at least in part, on the merits of Appellant's claims. Furthermore, the judge noted
that Appellant gave notice of appeal.

 After the hearing on Appellant's application for writ of habeas corpus, Appellant filed an
amended notice of appeal. During a subsequent pre-trial hearing, (1) Appellant requested that the trial
court grant him leave to appeal based on what had transpired at the writ hearing. The judge granted
the motion and allowed an interlocutory appeal. Based on the record before us, we conclude that we
have jurisdiction to consider the merits of Appellant's appeal.


Double Jeopardy

 Appellant contends in four issues (2) that the trial court erred by denying Appellants'
application for writ of habeas corpus and the requested relief, i.e., dismissal of the burglary
indictment, because prosecution of the burglary charge is prohibited by double jeopardy after
Appellant's conviction for violation of a protective order arising out of the same incident as the
burglary charge.

 The Double Jeopardy Clause of the United States Constitution provides: "[N]or shall any
person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const.
amend. V. The Texas Constitution states: "No person, for the same offense, shall be twice put in
jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a
verdict of not guilty in a court of competent jurisdiction." Tex. Const. art. I, § 14. The two double
jeopardy provisions are conceptually identical, and the Texas Constitution does not afford any
different or greater protections in this regard than does the Fifth Amendment. See Ex parte
Arenivas, 6 S.W.3d 631, 633 (Tex. App.-El Paso 1999, no pet.). These protections apply to: (1) a
second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense
after conviction, and (3) multiple punishments for the same offense. Ex parte Rhodes, 974 S.W.2d
735, 738 (Tex. Crim. App. 1998). Because Appellant frames his issues on appeal as if this case
involves the second protection, i.e., prohibition of a second prosecution for the same offense after
conviction, but avers in his arguments and authorities that this case involves the third protection, i.e.,
prohibition of multiple punishments for the same offense, we address both issues.

 The applicable rule is that where the same act or transaction constitutes a violation of two
distinct statutory provisions, the test to be applied to determine whether there are two offenses or
only one, is whether each provision requires proof of a fact which the other does not. Blockburger
v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932). If not, they are the
same offense and jeopardy bars additional punishment and successive prosecution. United States
v. Dixon, 509 U.S. 688, 696, 113 S. Ct. 2849, 2856, 125 L. Ed. 2d 556 (1993).

 The Dixon court was sharply divided over what constitutes an element of the offense for
purposes of Blockburger analysis. Five justices (3) agreed that the Blockburger test was the
appropriate standard of review for claims of double jeopardy. Dixon, 509 U.S. at 696, 113 S. Ct.
at 2856. Those same five justices agreed that the same-conduct test formulated only three years
earlier in Grady v. Corbin, 495 U.S. 508, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990), was wholly
inconsistent with Supreme Court precedent, and thus, Grady should be overruled. Id., 509 U.S. at
704, 113 S. Ct. at 2860. Three justices (4) maintained that the statutory elements alone should be
considered in a Blockburger analysis. Id., 509 U.S. at 714, 113 S. Ct. at 2865. However, five
justices (5) agreed that courts should look to the elements of the offense as described in the charging
instrument in the case at bar as well as the statutory elements when conducting a Blockburger
analysis.

 Our Texas Court of Criminal Appeals, applying Dixon, has held that in a multiple
prosecutions case, the essential elements of an offense relevant to a double jeopardy inquiry are those
of the charging instrument, not solely the penal statute itself. See Ex parte Rhodes, 974 S.W.2d at
740-41; Perez v. State, 947 S.W.2d 268, 272 (Tex. Crim. App. 1997). The court of criminal appeals
has held that in a multiple punishments case, an appellate court should focus on the statutory
elements of the offenses and look at other considerations to determine the legislative intent regarding
punishment. Perez, 947 S.W.2d at 272. This approach is appropriate since the paramount
consideration in multiple punishment claims is whether the legislature intended to permit such
punishments. See Quintanilla v. State, 40 S.W.3d 576, 580 (Tex. App.-San Antonio 2001, pet.
ref'd). Review of other factors is helpful in ascertaining legislative intent. Id. For example, we
consider whether the provisions are contained within the same statutory section, whether the offenses
are phrased in the alternative, whether they are named similarly and have common punishment
ranges, and whether the gravamen of the offenses is the same. Id.


Analysis

Multiple Punishments

 A person commits the offense of violation of a protective order if, in violation of an order
issued under Chapter 85 of the Family Code, the person knowingly or intentionally commits family

violence. See Tex. Pen. Code Ann. § 25.07(a)(1) (Vernon Supp. 2002). "Family violence" is an
act by a member of a family or household against another member of the family or household that
is intended to result in physical harm, bodily injury, assault, or sexual assault. See Tex. Fam. Code
Ann. § 71.004 (Vernon Supp. 2002). Knowledge of the protective order is an essential element of
the offense of violating the order, and the State is required to prove that defendant "knowingly and
intentionally" violated the order in question beyond a reasonable doubt. Small v. State, 809 S.W.2d
253, 255-56 (Tex. App.-San Antonio1991, pet. ref'd).

 A person commits the offense of burglary of a habitation if, without the effective consent of
the owner, the person (1) enters a habitation with the intent to commit a felony or an assault or
(2)enters a habitation and commits or attempts to commit a felony or an assault. See Tex. Pen.
Code Ann. § 30.02(a)(1) & (a)(3) (Vernon Supp. 2002).

 Each penal statute requires proof of elements which the other does not. The statutory
elements of the offense of violation of a protective order are: (1) a person, who is a member of a
family or household (2) knowingly or intentionally (3) commits an act intended to result in physical
harm, bodily injury, assault, or sexual assault (4) against another member of the same family or
household (5) with knowledge of a protective order issued under Chapter 85 of the Family Code
prohibiting such conduct. The statutory elements of the offense of burglary are: (1) a person (2)
enters a habitation (3) without the effective consent of the owner (4) with the intent to commit a
felony or an assault. Alternatively, the statutory elements of the offense of burglary are: (1) a person
(2) enters a habitation (3) without the effective consent of the owner (4) and commits or attempts
to commit a felony or an assault. The burglary statute does not require proof of a family relationship
or knowledge of a protective order. The violation of a protective order statute does not require proof
of entering a habitation without the consent of the owner and with intent to commit a felony or an
assault, nor does it require proof of entering a habitation without the consent of the owner and
committing or attempting to commit a felony or an assault. The only element the two penal statutes
have in common is the assaultive element, and even that element does not require identical proof
under the two statutes.

 Our inquiry into legislative intent regarding multiple punishments for burglary and violation
of a protective order begins with several observations: the two provisions are not contained in the
same statutory section; the two offenses are not similarly named; the two offenses do not have
common punishment ranges, and the gravamen of the offenses is not the same. See Quintanilla, 40
S.W.3d at 580. Furthermore, the Texas Legislature has expressly approved multiple punishments
in the case of violation of a protective order. Penal Code section 25.07(c) reads:

 

 If conduct constituting an offense under this section also constitutes an offense under another section
of this code, the actor may be prosecuted under either section or under both sections.



Tex. Pen. Code Ann. § 25.07(c) (Vernon Supp. 2002).

 For the foregoing reasons, we hold that Appellant's prosecution for burglary is not barred by
the state or federal constitutional double jeopardy prohibition against multiple punishments because
the elements of the offenses under the two penal statutes are not the same.

Multiple Prosecutions

 The information upon which Appellant was convicted of violation of a protective order
charged that Appellant intentionally or knowingly violated the terms of a protective order issued
under Chapter 85 of the Family Code by intentionally or knowingly committing family violence
against Kathryn by striking her with his hand.

 The indictment under which Appellant stands charged with burglary of a habitation alleges
alternative theories: that Appellant, with the intent to commit the felony offense of aggravated
assault, intentionally or knowingly entered Kathryn's habitation without her effective consent, and,
alternatively, that Appellant intentionally or knowingly entered Kathryn's habitation without her
effective consent and attempted to commit or committed the felony offense of aggravated assault.

 Each charging instrument requires proof of elements which the other does not. To prove
under the information that Appellant committed the offense of violation of a protective order, the
State was required to show (1) the existence of a valid protective order and (2) that Appellant
intentionally or knowingly violated the order (3) by intentionally or knowingly committing family
violence against Kathryn (4) by striking her with his hand. To prove Appellant committed burglary
under the indictment, the State would be required to prove that Appellant, (1) without Kathryn's
effective consent, (2) intentionally or knowingly entered Kathryn's habitation, (3) with the intent to
commit the felony offense of aggravated assault. Under the alternative theory plead, the State would
be required to prove that Appellant, (1) without Kathryn's effective consent, (2) intentionally or
knowingly entered Kathryn's habitation, (3) and committed or attempted to commit the felony
offense of aggravated assault. The burglary indictment would not require proof: (1) of a valid
protective order, (2) that Appellant intentionally or knowingly violated the protective order, (3) that
Appellant struck Kathryn specifically with his hands, or (4) that the assault was "family violence"
as defined by the Family Code. The violation of a protective order information did not require proof
that: (1) Appellant entered Kathryn's habitation at all much less without her effective consent, (2)
Appellant entered the habitation with intent to commit the felony offense of aggravated assault
against Kathryn, or (3) Appellant entered the habitation and committed or attempted to commit the
felony offense of aggravated assault against Kathryn. The victim and the date of the offense are the
same in each charging instrument, of course. Also, the two charging instruments do have an
assaultive element in common, but that element requires different proof under the two charging
instruments. 

 Based on the foregoing, we conclude Appellant's prosecution for burglary is not barred by
the state or federal constitutional double jeopardy prohibition against multiple prosecutions because
the elements of the offenses under the two charging instruments are not the same.


Conclusion

 Appellant's issues are overruled. The trial court's order denying Appellant's application
for writ of habeas corpus is affirmed.


 JIM WORTHEN 

 Justice



Opinion delivered February 13, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.































(PUBLISH)
1. A visiting judge had presided at the writ hearing; the elected judge presided at the pre-trial hearings. 
2. Appellant briefs his issues together, so we address them together.
3. Scalia, J., Rehnquist, C.J., Kennedy, O'Connor, and Thomas, J.J.
4. Rehnquist, C.J., O'Connor, and Thomas, J.J.
5. Scalia, Kennedy, White, Stevens, and Souter, J.J.