NUMBER
13-04-067-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

ERIC SWARTZBAUGH,                                                                    Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 25th District
Court

                                       of
Gonzales County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








The threshold issue in this case is whether a
sentence announced by a trial judge may be modified and enhanced within the
same day the first sentence was originally pronounced.  We conclude that appellant had not begun
serving his sentence at the time the trial judge modified its sentence, and
therefore, the trial judge could properly modify and enhance the sentence on
the same day it was originally pronounced, subject to the procedural safeguards
implemented by the Texas Court of Criminal Appeals in the case of State v.
Aguilera.[1]    

I.

After a plea of Atrue@ to the State=s Motion for Adjudication, appellant, Eric
Swartzbaugh, was convicted by the trial court of the felony offense of Injury
to a Child.[2]  Initially, the trial court orally assessed
punishment at eight years= confinement in the Institutional Division of the
Texas Department of Criminal Justice (TDCJ). 
The court then remanded appellant to the custody of the Sheriff of
Gonzales County for safekeeping until appellant could be transported to the
TDCJ to serve the remainder of his sentence. 
After appellant had been remanded to the custody of the sheriff, but
before appellant left the courthouse, the trial court realized that he had made
a written docket entry for ten years as the term for appellant=s sentence. 
Immediately thereafter, the trial judge recalled appellant and corrected
the sentence to ten years= confinement. 


Appellant now argues, in his first issue on appeal,
once a defendant has been given a valid sentence, the trial court has no
authority to subsequently change that sentence upwards.  Additionally, appellant asserts in his second
issue that the trial court=s imposition of a second sentence that was greater
in length violated the double jeopardy clause of the Texas Constitution.[3]       








II. 

Ordinarily, as a prerequisite to presenting a
complaint on appeal, the complaining party must 
preserve error.  See Tex. R. App. P. 33.1.  However, a double jeopardy claim may be
raised for the first time on appeal or in a collateral attack when the undisputed
facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of
procedural default serves no legitimate state interests.  Gonzalez v. State, 8 S.W.3d 640, 643
(Tex. Crim. App.  2000). This test is met
when the  charges Aare heard in front of the same judge and arise out
of the same criminal transaction because the trial court is charged with
constructive knowledge of the double jeopardy claim.@  Beltran
v. State, 30 S.W.3d 532, 533 (Tex. App.BSan
Antonio 2000, no pet.).  We conclude that
this is such a case.   

III.








Article 42.09, section 1, of the code of criminal
procedure states that Athe
defendant=s sentence begins to run on the day it is pronounced
. . . .@  Tex. Code Crim. Proc. Ann. art. 42.09 '
1 (Vernon 2003).  The court of criminal
appeals has held that a trial court does not have the power to alter or modify
a defendant=s sentence once the defendant has begun serving his
sentence.  See Williams v. State,
170 S.W.2d 482, 486 (Tex. Crim. App. 1943) (when the accused has performed part
of his sentence the Acourt
is powerless to change the judgement in any substantial respect@);
Powell v. State, 63 S.W.2d 712, 713 (Tex. Crim. App. 1933) (the trial court
does not have power to stack sentences after appellant had served several
months of sentence which had been ordered to run concurrently with another
sentence).  Therefore, we must ascertain
whether appellant began serving his sentence; if he had, the trial court could
not have changed and enhanced appellant=s
sentence.

The court of criminal appeals decided recently the
case of State v. Aguilera, No. PD-0024-04, 2005 Tex. Crim. App. LEXIS 957 (Tex. Crim. App. June
22, 2005) (designated for publication). 
In Aguilera, the trial court initially sentenced the defendant to
twenty five years= incarceration. 
Id. at *1.  Later that same
day, after an off-the-record Avictim
impact statement@ allocution, the trial court, over the State=s
objection, reassessed the sentence to fifteen years=
incarceration.  Id.  The court of criminal appeals upheld the
trial court=s ruling and stated: 

At a minimum, a trial court retains plenary power to
modify its sentence if a motion for new trial or motion in arrest of judgment
is filed within 30 days of sentencing.  A
trial court also retains plenary power to modify its sentence if the
modification is made on the same day as the assessment of the initial sentence
and before the court adjourns for the day. 
The re-sentencing must be done in the presence of the defendant, his
attorney, and counsel for the State. 
Such modifications comport with the provisions of Article 42.09, section
1 [of the Texas Code of Criminal Procedure], that a defendant=s
sentence begins to run on the day that it is pronounced, and the provisions of
Article 42.03, section 1(a) [of the Texas Code of Criminal Procedure], that a
felony sentence shall be pronounced in the defendant's presence.  In such circumstances, a trial court has the
authority to re-sentence a defendant after assessing an initial sentence if the
modified sentence is authorized by statute.

 Id. at
*6-7 (citations omitted). 








Thus, the court held that
Athe trial court was acting within its authority when,
only a few minutes after it had initially sentenced [the defendant] and before
it had adjourned for the day, it modified [the defendant=s]
sentence.@  Id. at
*9.  A trial court has inherent power to
correct, modify, vacate, or amend its own rulings, so long as the court does
not exceed a statutory time table.  Id.;
see Awadelkariem v. State, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998)
(upholding the trial court=s
rescission of its own order granting appellant a new trial).  Therefore, the provision in article 42.09,
section 1 of the penal code, that a defendant=s
sentence Abegins to run on the day it is pronounced@
did not preclude the trial court from re-sentencing the defendant on the same
day on which he was initially sentenced, so long as the re-sentencing is itself
proper.  Aguilera, 2005 Tex. Crim.
App. LEXIS 957, at *4 n.1.  Accordingly,
the trial court does have plenary power to change the sentence subject to the
enumerated procedural safeguards.

Case law clearly
indicates that a trial court has some sort of plenary power to reform a
defendant=s sentence.  See
Aguilera, 2005 Tex. Crim. App. LEXIS 957, at *6-7; Harris v. State,
153 S.W.3d 394, 396 n.4 (Tex. Crim. App. 2005) (noting that trial court could
have properly used its plenary power to modify sentence if new sentence was
within the same statutory range of punishment); State v. Bates, 889
S.W.2d 306, 309 (Tex. Crim. App. 1994); see also McClinton v. State, 121
S.W.3d 768, 771 (Tex. Crim. App. 2003) (Cochran, J., concurring).  This plenary power lasts for at least the
first thirty days after sentencing because the trial court has the authority to
receive motions, such as a motion for new trial and a motion in arrest of
judgment during this time.  See Tex. R. App. P. 21 & 22; Aguilera,
2005 Tex. Crim. App. LEXIS 957, at *6-7. 

IV.

In his first issue,
appellant argues that a judgment may be altered as long as it does not (1)
affect the conviction or acquittal actually rendered by the trial court or
jury, or (2) increase the sentence pronounced in open court.  Appellant admits that the first criterion is
inapplicable in the case at bar,  but
argues the latter prong prevents the trial court from raising or increasing the
sentence after it has been pronounced in open court.  Appellant relies in part on Ex parte
Madding, 70 S.W.3d 131, 135-36 (Tex. Crim. App. 2002), in which the Texas
Court of Criminal Appeals stated that:








the imposition of sentence is the crucial moment when
all of the parties are physically present at the sentencing hearing and able to
hear and respond to the imposition of sentence. 
Once [the defendant]  leaves the
courtroom, the defendant begins serving the sentence imposed.  

. . .

To orally pronounce one sentence to a defendant=s
face and then to sign a written judgment more than a month later, when the
defendant is not present, that embodies an extravagantly different and more severe
sentence than the oral sentence, violates any notion of constitutional due
process and fair notice.  A defendant has
a due process legitimate expectation that the sentence he heard orally
pronounced in the courtroom is the same sentence that he will be required to
serve.  

 

Id.

However, to the extent
that Madding could be construed as holding that once the courtroom door
closes upon the sentenced person=s
back, that person has begun serving his sentence, Aguilera serves to
clarify that construction.  See
Aguilera, 2005 Tex. Crim. App. LEXIS 957, at *7-9 (holding that Aa
trial court has the authority to re-sentence a defendant after assessing an
initial sentence if the modified sentence is authorized by statute@);
see also id. at *15 (Cochran, J., concurring).  Another important aspect of Madding
was that the defendant was never brought back into open court, much less
on the same day as the original sentence, before the written judgment was
modified outside his presence and without his knowledge.  Madding, 70 S.W.3d at 136.  Therefore, to the extent that appellant
relies upon Madding for the proposition that he began serving his
sentence immediately after the trial court 
pronounced sentenced, appellant is now incorrect in light of Aguilera.  Accordingly, appellant=s
first issue is overruled.        

V.








 By his second issue, appellant argues that the
double jeopardy clauses[4] forbid any
increase in a defendant=s sentence once that sentence has been Aexecuted.@  See Ex parte Lange, 85 U.S. 163, 174 (1874); see also United States v. DiFrancesco,
449 U.S. 117, 134 (1980) (commenting that Athe established practice in the federal
courts [is] that the sentencing judge may recall the defendant and increase his
sentence . . . so long as he has not begun to serve that sentence,@ but once sentence begins to run, double
jeopardy forbids the imposition of increased sentence).  In Lange, however, the United States
Supreme Court specifically noted that the trial court did have constitutional
authority to modify the sentence upwards so long as that sentence had not been Aexecuted.@  Lange, 85 U.S. at
174.                         

Moreover, we find Judge
Cochran=s concurring opinion in Aguilera persuasive
and on point with regard to this issue:

[a]lthough the Court does
not expressly say so, the rule set out in the majority opinion sets the
finality of the sentencing process for both upward and downward
alterations.  A good rule generally works
both ways.  If a trial judge has
authority to decrease a sentence before the defendant begins to serve that
sentence-as the majority correctly holds- then surely he has equal authority to
increase it if double jeopardy is no bar. 
As noted [above] double jeopardy is no bar.  








Aguilera,
2005 Tex. Crim. App. LEXIS 957, at *21 (Cochran, J., concurring).  Therefore, appellant=s
second issue on appeal is overruled.

VI.

We conclude that a trial
court has the power to reform a defendant=s
sentence so long as this reformation is made in open court before the
defendant, occurs within the trial court=s
plenary power time-period, and results in a new sentence that conforms to
statutory guidelines.  This power
includes the power to increase the sentence provided that the defendant has not
begun to serve the sentence.  In this
case, appellant was still in the courthouse and had not begun serving his
sentence when he was recalled and re-sentenced in open court.  As appellant had not begun serving his
sentence, the trial court had the authority to modify the sentence
upwards.  Thus, the modification did not
infringe upon appellant=s
right not to be subject to double jeopardy. 

The judgment of the trial
court is affirmed.

                                                

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion
delivered and filed

this 4th day
of August, 2005.











[1] No. PD-0024-04, 2005 Tex. Crim.
App. LEXIS 957, at *6-7 (Tex. Crim. App. June 22, 2005).





[2] Tex.
Pen. Code Ann. ' 22.04(a) (3) (Vernon 2003).





[3] Article I, section 14 of the Texas
Constitution provides:  ANo person, for the same offense,
shall be twice put in jeopardy of life or liberty, nor shall a person be again
put upon trial for the same offense, after a verdict of not guilty in a court
of competent jurisdiction.@  Tex. Const. art. 1 ' 14.

 





[4]The two double jeopardy provisions,
article I, section 14 of the Texas Constitution, and the Fifth Amendment of the
United States Constitution, are conceptually identical.  Stephens v. State, 806 S.W.2d 812, 815
(Tex. Crim. App. 1990); Phillips v. State, 787 S.W.2d 391, 393 n. 2
(Tex. Crim. App. 1990).  The Double
jeopardy clause embodies three essential guarantees: (1) it protects against a
successive prosecution for the same offense after acquittal; (2) it protects
against a successive prosecution for the same offense after conviction; and (3)
it protects against multiple punishments for the Asame offense.@ 
See Illinois v. Vitale, 447 U.S. 410, 415 (1980); Iglehart v.
State, 837 S.W.2d 122, 126-27 (Tex. Crim. App. 1992).  Thus, the Double jeopardy clause Aprohibits merely punishing twice,
or attempting to punish criminally, for the same offense.@ 
Helvering v. Mitchell, 303 U.S. 391, 393 (1938).  This appeal concerns the third of these
double jeopardy protections, that is, whether appellant has received multiple
punishments for the same offense.      

 

The court of criminal
appeals has held that the Texas Constitution=s double jeopardy protections were Aslightly more expansive@ than the federal constitution's
double jeopardy protections when prosecutorial misconduct prompted a defendant
to seek a mistrial. See Bauder v. State, 921 S.W.2d 696, 699 (Tex. Crim.
App. 1996).  However, the Bauder
Court did not suggest that (1) the Texas Constitution provides greater
protections to defendants urging double jeopardy for multiple punishments of
the same offense, or (2) it intended to invalidate previous  case law deciding jeopardy in multiple
punishments.  See Ex parte Gonzalez,
147 S.W.3d 474, 479-80 (Tex. App.BSan Antonio 2004, pet ref=d); Ex parte Pool, 71 S.W.3d
462, 466 (Tex. App.BTyler 2002, no pet.); Ex parte
Arenivas, 6 S.W.3d 631, 633 (Tex. App.BEl Paso 1999, no pet); Ex parte Anthony, 931 S.W.2d
664, 667 (Tex. App.BDallas 1996, pet ref=d). 
Therefore, the Texas Constitution does not afford any different or
greater protections than does the United States Constitution for cases
regarding multiple punishments for the same offense.  See Gonzalez, 147 S.W.3d at 479-80; Pool,
71 S.W.3d at 466; Arenivas, 6 S.W.3d at 633.  Because article I, section 14 does not afford
greater rights or protection than the Fifth Amendment, we address appellant=s contentions by relying primarily
on authority interpreting the federal provision.  Arenivas, 6 S.W.3d at 633, n.1; Washington
v. State, 946 S.W.2d 912, 913-14 (Tex. App.BAustin 1997, pet. ref=d).