**Ex Parte Randy Mark POOL.**

**No. 12–01–00208–CR.**

Court of Appeals of Texas, Tyler.

Feb. 13, 2002.

---

Robert C. Perkins, Jr., Kenneth R. Hawk, II, Tyler, for appellant.

Edward J. Marty, Smith County Crim. Dist. Atty., Tyler, for state.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

JIM WORTHEN, Justice.

Appellant Randy Mark Pool filed a pretrial writ of habeas corpus alleging a violation of the double jeopardy provisions of the United States and Texas Constitutions, which the trial court denied. In four issues, Appellant challenges the trial court's ruling. We affirm.

### BACKGROUND

In June 2000, Appellant agreed to a protective order under which his then-wife, Kathryn Pool ("Kathryn"), was granted exclusive use and possession of their residence. The protective order contained the usual prohibitions against family violence and threatening or harassing communications and provided that Appellant was not to go to or near the residence except under certain agreed conditions. *See* TEX. FAM. CODE ANN. §§ 85.021, 85.022 (Vernon Supp. 2002).

On October 6, 2000, Appellant allegedly broke into the residence by kicking in a door and beat Kathryn about her head and face with his hands. Subsequently, Appellant was charged by complaint and information with violating the protective order, a Class A misdemeanor. TEX.PEN.CODE ANN. § 25.07 (Vernon Supp.2002).

On March 1, 2001, Appellant was indicted for burglary of a habitation, a felony of the first degree. TEX. PEN.CODE ANN. § 30.02 (Vernon Supp.2002). It is undisputed that the burglary charge arises out of the same October 6, 2000, incident as the charge of violating the protective order.

On March 29, 2001, Appellant pleaded guilty to the misdemeanor charge and was sentenced to one year in the county jail. Thereafter, Appellant filed an application

for writ of habeas corpus, contending that trial of the burglary case should be barred by the federal and state prohibitions against double jeopardy because the two charges arose from the same incident. Habeas corpus relief was denied, and this interlocutory appeal follows.

### HABEAS CORPUS

We must first consider whether we have jurisdiction over this appeal. It is well-settled that no appeal lies from a trial court's refusal to issue a writ of habeas corpus. *Ex parte Noe,* 646 S.W.2d 230 (Tex.Crim.App.1983); *Ex parte Moorehouse,* 614 S.W.2d 450 (Tex.Crim.App. 1981); *Ex parte Johnson,* 561 S.W.2d 841 (Tex.Crim.App.1978). If a trial court grants a writ of habeas corpus but subsequently denies relief on the application, the applicant has the right to appeal. *Ex parte McCullough,* 966 S.W.2d 529, 531 (Tex.Crim.App.1998); *Verdin v. State,* 13 S.W.3d 121, 122 (Tex.App.-Tyler 2000, no pet.).

Appellant argues that though the trial court purported to deny the writ, it did rule on the merits of the application, and, therefore, this court has jurisdiction over the appeal. The crucial question is not whether the trial court did or did not issue the writ, but whether the court did or did not consider and resolve the merits of the petition. *See Ex parte Hargett,* 819 S.W.2d 866, 869 (Tex.Crim.App.1991); *Ex parte Gonzales,* 12 S.W.3d 913, 914 (Tex. App.-Austin 2000, pet. ref'd). If the trial court reaches the merits of the habeas corpus application, its ruling is appealable even if it comes in the form of an order refusing to issue the writ. *See Ex parte Hargett,* 819 S.W.2d at 869. On the other hand, even where it is likely that the trial court's decision not to issue the writ was based, at least in part, on a determination that appellant's claims lacked merit, that alone does not entitle appellant to an appeal. *Ex parte Miller,* 931 S.W.2d 724, 725 (Tex.App.-Austin 1996, no pet.).

In the instant case, the trial court's docket sheet notations include neither express nor implied findings on the merits of Appellant's claim of double jeopardy, and the docket sheet includes the notation, "Writ denied." However, our review of the reporter's record reveals that the trial court based its decision, at least in part, on the merits of Appellant's claims. Furthermore, the judge noted that Appellant gave notice of appeal.

After the hearing on Appellant's application for writ of habeas corpus, Appellant filed an amended notice of appeal. During a subsequent pre-trial hearing,[1] Appellant requested that the trial court grant him leave to appeal based on what had transpired at the writ hearing. The judge granted the motion and allowed an interlocutory appeal. Based on the record before us, we conclude that we have jurisdiction to consider the merits of Appellant's appeal.

### DOUBLE JEOPARDY

Appellant contends in four issues[2] that the trial court erred by denying Appellants' application for writ of habeas corpus and the requested relief, *i.e.,* dismissal of the burglary indictment, because prosecution of the burglary charge is prohibited by double jeopardy after Appellant's conviction for violation of a protective order arising out of the same incident as the burglary charge.

---

1. A visiting judge had presided at the writ hearing; the elected judge presided at the pre-trial hearings.

2. Appellant briefs his issues together, so we address them together.

The Double Jeopardy Clause of the United States Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Texas Constitution states: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art. I, § 14. The two double jeopardy provisions are conceptually identical, and the Texas Constitution does not afford any different or greater protections in this regard than does the Fifth Amendment. *See Ex parte Arenivas*, 6 S.W.3d 631, 633 (Tex.App.-El Paso 1999, no pet.). These protections apply to: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Ex parte Rhodes*, 974 S.W.2d 735, 738 (Tex. Crim.App.1998). Because Appellant frames his issues on appeal as if this case involves the second protection, *i.e.*, prohibition of a second prosecution for the same offense after conviction, but avers in his arguments and authorities that this case involves the third protection, *i.e.*, prohibition of multiple punishments for the same offense, we address both issues.

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

If not, they are the same offense and jeopardy bars additional punishment and successive prosecution. *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993).

The *Dixon* court was sharply divided over what constitutes an element of the offense for purposes of *Blockburger* analysis. Five justices[3] agreed that the *Blockburger* test was the appropriate standard of review for claims of double jeopardy. *Dixon*, 509 U.S. at 696, 113 S.Ct. at 2856. Those same five justices agreed that the same-conduct test formulated only three years earlier in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), was wholly inconsistent with Supreme Court precedent, and thus, *Grady* should be overruled. *Id.*, 509 U.S. at 704, 113 S.Ct. at 2860. Three justices[4] maintained that the statutory elements alone should be considered in a *Blockburger* analysis. *Id.*, 509 U.S. at 714, 113 S.Ct. at 2865. However, five justices[5] agreed that courts should look to the elements of the offense as described in the charging instrument in the case at bar as well as the statutory elements when conducting a *Blockburger* analysis.

Our Texas Court of Criminal Appeals, applying *Dixon*, has held that in a multiple prosecutions case, the essential elements of an offense relevant to a double jeopardy inquiry are those of the charging instrument, not solely the penal statute itself. *See Ex parte Rhodes*, 974 S.W.2d at 740–41; *State v. Perez*, 947 S.W.2d 268, 272 (Tex.Crim.App.1997). The court of criminal appeals has held that in a multiple punishments case, an appellate court should focus on the statutory elements of the offenses and look at other consider-

---

**3.** Scalia, J., Rehnquist, C.J., Kennedy, O'Connor, and Thomas, J.J.

**4.** Rehnquist, C.J., O'Connor, and Thomas, J.J.

**5.** Scalia, Kennedy, White, Stevens, and Souter, J.J.

ations to determine the legislative intent regarding punishment. *Perez,* 947 S.W.2d at 272. This approach is appropriate since the paramount consideration in multiple punishment claims is whether the legislature intended to permit such punishments. *See Quintanilla v. State,* 40 S.W.3d 576, 580 (Tex.App.-San Antonio 2001, pet. ref'd). Review of other factors is helpful in ascertaining legislative intent. *Id.* For example, we consider whether the provisions are contained within the same statutory section, whether the offenses are phrased in the alternative, whether they are named similarly and have common punishment ranges, and whether the gravamen of the offenses is the same. *Id.*

### ANALYSIS

### *Multiple Punishments*

 A person commits the offense of violation of a protective order if, in violation of an order issued under Chapter 85 of the Family Code, the person knowingly or intentionally commits family violence. *See* TEX.PEN.CODE ANN. § 25.07(a)(1) (Vernon Supp.2002). "Family violence" is an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault. *See* TEX. FAM.CODE ANN. § 71.004 (Vernon Supp. 2002). Knowledge of the protective order is an essential element of the offense of violating the order, and the State is required to prove that defendant "knowingly and intentionally" violated the order in question beyond a reasonable doubt. *Small v. State,* 809 S.W.2d 253, 255–56 (Tex.App.-San Antonio 1991, pet. ref'd).

A person commits the offense of burglary of a habitation if, without the effective consent of the owner, the person (1) enters a habitation with the intent to commit a felony or an assault or (2)enters a habi-

tation and commits or attempts to commit a felony or an assault. *See* TEX.PEN.CODE ANN. § 30.02(a)(1) & (a)(3) (Vernon Supp. 2002).

Each penal statute requires proof of elements which the other does not. The statutory elements of the offense of violation of a protective order are: (1) a person, who is a member of a family or household (2) knowingly or intentionally (3) commits an act intended to result in physical harm, bodily injury, assault, or sexual assault (4) against another member of the same family or household (5) with knowledge of a protective order issued under Chapter 85 of the Family Code prohibiting such conduct. The statutory elements of the offense of burglary are: (1) a person (2) enters a habitation (3) without the effective consent of the owner (4) with the intent to commit a felony or an assault. Alternatively, the statutory elements of the offense of burglary are: (1) a person (2) enters a habitation (3) without the effective consent of the owner (4) and commits or attempts to commit a felony or an assault. The burglary statute does not require proof of a family relationship or knowledge of a protective order. The violation of a protective order statute does not require proof of entering a habitation without the consent of the owner and with intent to commit a felony or an assault, nor does it require proof of entering a habitation without the consent of the owner and committing or attempting to commit a felony or an assault. The only element the two penal statutes have in common is the assaultive element, and even that element does not require identical proof under the two statutes.

Our inquiry into legislative intent regarding multiple punishments for burglary and violation of a protective order begins with several observations: the two provisions are not contained in the same statu-

tory section; the two offenses are not similarly named; the two offenses do not have common punishment ranges, and the gravamen of the offenses is not the same. *See Quintanilla,* 40 S.W.3d at 580. Furthermore, the Texas Legislature has expressly approved multiple punishments in the case of violation of a protective order. Penal Code section 25.07(c) reads:

> If conduct constituting an offense under this section also constitutes an offense under another section of this code, the actor may be prosecuted under either section or under both sections.

TEX. PEN.CODE ANN. § 25.07(c) (Vernon Supp.2002).

For the foregoing reasons, we hold that Appellant's prosecution for burglary is not barred by the state or federal constitutional double jeopardy prohibition against multiple punishments because the elements of the offenses under the two penal statutes are not the same.

### Multiple Prosecutions

▇▇▇ The information upon which Appellant was convicted of violation of a protective order charged that Appellant intentionally or knowingly violated the terms of a protective order issued under Chapter 85 of the Family Code by intentionally or knowingly committing family violence against Kathryn by striking her with his hand.

The indictment under which Appellant stands charged with burglary of a habitation alleges alternative theories: that Appellant, with the intent to commit the felony offense of aggravated assault, intentionally or knowingly entered Kathryn's habitation without her effective consent, and, alternatively, that Appellant intentionally or knowingly entered Kathryn's habitation without her effective consent and attempted to commit or committed the felony offense of aggravated assault.

Each charging instrument requires proof of elements which the other does not. To prove under the information that Appellant committed the offense of violation of a protective order, the State was required to show (1) the existence of a valid protective order and (2) that Appellant intentionally or knowingly violated the order (3) by intentionally or knowingly committing family violence against Kathryn (4) by striking her with his hand. To prove Appellant committed burglary under the indictment, the State would be required to prove that Appellant, (1) without Kathryn's effective consent, (2) intentionally or knowingly entered Kathryn's habitation, (3) with the intent to commit the felony offense of aggravated assault. Under the alternative theory plead, the State would be required to prove that Appellant, (1) without Kathryn's effective consent, (2) intentionally or knowingly entered Kathryn's habitation, (3) and committed or attempted to commit the felony offense of aggravated assault. The burglary indictment would not require proof: (1) of a valid protective order, (2) that Appellant intentionally or knowingly violated the protective order, (3) that Appellant struck Kathryn specifically with his hands, or (4) that the assault was "family violence" as defined by the Family Code. The violation of a protective order information did not require proof that: (1) Appellant entered Kathryn's habitation at all much less without her effective consent, (2) Appellant entered the habitation with intent to commit the felony offense of aggravated assault against Kathryn, or (3) Appellant entered the habitation and committed or attempted to commit the felony offense of aggravated assault against Kathryn. The victim and the date of the offense are the same in each charging instrument, of course. Also, the two charging instruments do have an assaultive element in common, but that element

requires different proof under the two charging instruments.

Based on the foregoing, we conclude Appellant's prosecution for burglary is not barred by the state or federal constitutional double jeopardy prohibition against multiple prosecutions because the elements of the offenses under the two charging instruments are not the same.

### CONCLUSION

Appellant's issues are overruled. The trial court's order denying Appellant's application for writ of habeas corpus is *affirmed.*