Ex parte Jeffrey JAGNEAUX.

No. 09–10–00160–CR.

Court of Appeals of Texas,
Beaumont.

May 26, 2010.

Jeffrey Jagneaux, Beaumont, pro se.

Tom Maness, Crim. Dist. Atty., Rodney D. Conerly, Asst. Crim. Dist. Atty., for state.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

DAVID GAULTNEY, Justice.

The trial court denied Jeffrey Jagneaux's application for habeas corpus. Jagneaux is confined in county jail pending trial in three cases. He sought pre-trial release through a reduction of bail.

This Court's jurisdiction depends on whether the trial court ruled on the merits of the application for habeas relief, rather than simply ruling on the request for issuance of a writ. *See Ex parte Hargett,* 819 S.W.2d 866, 868–69 (Tex.Crim. App.1991); *Ex parte Noe,* 646 S.W.2d 230, 231 (Tex.Crim.App.1983). Issuing the writ of habeas corpus is not the same as determining the merits of the habeas claim. *See Hargett,* 819 S.W.2d at 869. The writ is an order directed to anyone having a person in custody to produce the person at a time and place stated in the order, and to show why the person is held in custody.

*Ex parte Williams,* 200 S.W.3d 819, 820 n. 2 (Tex.App.-Beaumont 2006, no pet.). The trial court must grant the writ without delay unless it is manifest from the application, or some document annexed to it, that the party is entitled to no relief whatsoever. *Id.* When a court decides the merits of the application, the court is considered to have issued the writ and has rendered a final judgment in the separate habeas corpus action. *See Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.,* 159 S.W.3d 645, 650 (Tex.Crim. App.2005) (orig. proceeding) (citing 43B GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 47.51, at 219–20 (2d ed. 2001)). " 'An order denying relief on the merits is a final judgment *in the habeas corpus proceeding* ' " and " 'is immediately appealable by the unsuccessful petitioner.' " *Id.; see Ex parte Williams,* 200 S.W.3d at 820 ("An appeal is available only if the trial court considers and resolves the merits of the petition."); *see also Hargett,* 819 S.W.2d at 868–69.

The district court addressed the merits of Jagneaux's application for habeas corpus relief, although the court did not expressly issue a writ of habeas corpus and did not conduct an evidentiary hearing. *Compare Ex parte Silva,* 968 S.W.2d 367, 368 (Tex.Crim.App.1998); *Ex parte McCullough,* 966 S.W.2d 529, 532 (Tex. Crim.App.1998). The order states that "[i]t is the decision of the Court that the relief sought in reduction of bond is hereby denied." An appeal can be taken from a district court order denying an applicant relief on the merits of his habeas claim. *Ex parte Hargett,* 819 S.W.2d at 868–69.

This Court has jurisdiction over the appeal of the final judgment in the habeas corpus proceeding. *See id.; Ex parte Williams,* 200 S.W.3d at 820. "The sole

purpose of the appeal is to do substantial justice to the parties." TEX.R.APP. P. 31.2. In an appeal of a final order in a habeas corpus proceeding, we are to make "whatever orders the law and the nature of the case require." TEX.R.APP. P. 31.3.

■ Jagneaux alleges he has been confined for more than ninety days on charges of forgery and credit card abuse, and that the State is not ready for trial. He also contends that excessive bail was set. He argues his bail should be reduced, thereby affording him the possibility of release prior to trial.

Jagneaux provided insufficient information to suggest an abuse of discretion by the trial court in setting the amount of bail. Instead, the application for habeas corpus relief in the trial court relied primarily on the assertion that Jagneaux has been jailed for more than ninety days and the State is not ready for trial. Article 17.151 of the Texas Code of Criminal Procedure provides in part as follows:

> Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within: (1) 90 days from the commencement of his detention if he is accused of a felony[.]

TEX.CODE CRIM. PROC. ANN. art. 17.151 § 1(1) (Vernon Supp. 2009); see also Jones v. State, 803 S.W.2d 712, 713, 719 (Tex. Crim.App.1991); Ex parte Craft, 301 S.W.3d 447, 448–49 (Tex.App.-Fort Worth 2009, no pet.).

Jagneaux is charged with two state jail felonies and one third-degree felony. See TEX. PEN.CODE ANN. §§ 32.21(b),(d), 32.31(b),(d) (Vernon Supp. 2009). The third-degree felony case was filed January 14, 2010. The order denying the application for habeas corpus relief was signed on February 22, 2010, less than ninety days after the detention began on that felony charge. Although the ninety-day period may have passed for the two other cases, section 2(2) of article 17.151 provides in part: "The provisions of this article do not apply to a defendant who is: . . . (2) being detained pending trial of another accusation against the defendant as to which the applicable period has not yet elapsed[.]" TEX.CODE CRIM. PROC. ANN. art. 17.151 § 2(2) (Vernon Supp. 2009); see Martinez v. State, 810 S.W.2d 428, 429–30 (Tex.App.-Houston [14th Dist.] 1991), pet. dism'd as moot, 826 S.W.2d 620 (Tex.Crim.App. 1992); but see Beckcom v. State, 938 S.W.2d 780, 782–83 (Tex.App.-Corpus Christi 1997, no writ).

■ We review for an abuse of discretion a trial court's decision to deny habeas relief on a claim that article 17.151 was violated. See Ex parte Craft, 301 S.W.3d at 448. Because the record reflects Jagneaux was being detained pending trial on the third-degree felony "as to which the applicable period ha[d] not yet elapsed" when the application was denied, we conclude the district court did not abuse its discretion in denying the relief requested.

The trial court's order is affirmed.

AFFIRMED.