

NUMBER 13-09-00645-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE: DANIEL RODRIGUEZ JR.

**On appeal from the County Court
of Wharton County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza
Memorandum Opinion by Chief Justice Valdez**

Appellant, Daniel Rodriguez Jr., appeals the trial court's denial of his petition for a writ of habeas corpus. We dismiss for want of jurisdiction.

## I. BACKGROUND

Rodriguez filed a post-conviction petition for writ of habeas corpus seeking to set aside a 1992 misdemeanor conviction for driving while intoxicated ("DWI"), which the State later used in 2007, to enhance a subsequent DWI to the level of a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 2003), § 49.09(b) (Vernon Supp. 2009). Rodriguez expressly filed his habeas application under Texas Code of Criminal Procedure article

11.09. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (Vernon 2005) (providing that "[i]f a person is confined on a charge of misdemeanor, he may apply to the county court judge of the county in which the misdemeanor is charged . . . .").

Without conducting an evidentiary hearing, the trial judge entered an order denying Rodriguez's application for the writ without making any findings of fact or conclusions of law. The trial court's order stated, in pertinent part, "Having considered the pleadings and exhibits, it is the order of the court that the application should be and hereby is DENIED." Rodriguez filed a notice of appeal. Because it was unclear from the trial court's order whether the trial court had considered the merits of Rodriguez's application, we abated the appeal and requested that the trial court make findings and conclusions addressing whether it had ruled on the merits. Without conducting a hearing, the trial court found: "That the [c]ourt determined from the facts stated in the application and the documents on file that the appellant was manifestly not entitled to any relief and that no hearing on the merits of the claim was necessary; therefore[,] there was no hearing on the merits of the application[.]"[1]

## II. JURISDICTION

The State moves to dismiss the appeal for want of jurisdiction. As a general rule, no appeal lies from a trial court's refusal to issue a writ of habeas corpus. *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983); *Ex parte Gonzales*, 12 S.W.913, 914 (Tex. App.–Austin 2000, pet. ref'd); *see also Ex parte Reveles*, No. 13-06-00143-CR, 2007 WL 2324002, at *1 (Tex. App.–Corpus Christi Aug. 16, 2007, no pet.) (mem. op., not designated for publication). However, if the trial court reaches the merits of a habeas

---

[1] After the trial court filed its findings of fact and conclusions of law, Rodriguez filed a document with this Court entitled, "Objection to the Trial Court's Findings of Fact and Conclusion of Law." We deny all relief sought in that document.

application, its ruling is appealable even if the trial court refused to issue the writ. *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991). There is a distinction between the issuance of a writ of habeas corpus and determining the merits of the habeas corpus claim. *See id.*; *Ex parte Williams*, 200 S.W.3d 819, 820 n.2 (Tex. App.–Beaumont 2006, no pet.); *see also Cid v. State*, No. 13-00-325-CR, 2001 WL 1002481, at *2 (Tex. App.–Corpus Christi June 21, 2001, no pet.) (not designated for publication).

> The writ is an order directed to anyone having a person in custody to produce the person at a time and place stated in the order, and to show why the person is held in custody. The trial court must grant the writ without delay unless it is manifest from the application, or some document annexed to it, that the party is entitled to no relief whatsoever. When a court decides the merits of the application, the court is considered to have issued the writ and has rendered a final judgment in the separate habeas corpus action.

*Ex parte Jagneaux*, No. 09-10-00160-CR, 2010 WL 2163779, at *1 (Tex. App.–Beaumont May 26, 2010, no pet.) (internal citations omitted).

The trial court denied Rodriguez's application for a writ of habeas corpus without holding a hearing. However, a trial court's failure to explicitly issue a writ or hold a hearing on the merits of the applicant's claim is "inconsequential" "because, an 'appeal can be had from a district court order denying an applicant relief on the merits of his claims.'" *Villanueva v. State*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008) (quoting *Ex parte Hargett*, 819 S.W.2d at 868-69). Thus, we must determine whether the trial court reached the merits of Rodriguez's habeas corpus application. *See Ex parte Hargett*, 819 S.W.2d at 869.

In *Ex parte Hargett*, the trial court in which habeas corpus relief was sought issued an order in which it refused to issue the writ; however, the order then addressed the merits of each allegation contained in the writ application and found each to be without merit. *Id.* at 868. The Court of Criminal Appeals held that jurisdiction was conferred upon the Austin

3

Court of Appeals because, although the trial court refused to issue the writ, it ruled on the merits of the application. *Id.* at 869.

Here, however, the trial court's order, coupled with its findings of fact, does not expressly set forth any rulings by the trial court on the substantive merits of Rodriguez's claims of relief. Moreover, our sister courts have held that "even where it is likely that the trial court's decision not to issue the writ was based, at least in part, on a determination that appellant's claims lacked merit, that alone does not entitle the appellant to an appeal." *Ex parte Pool*, 71 S.W.3d 462, 465 (Tex. App.–Tyler 2002, no pet.); *Ex parte Miller*, 931 S.W.2d 724, 725 (Tex. App.–Austin 1996, no pet.); *see also Ex parte Florance*, No. 05-10-00688-CR, 2010 WL 2927487, at *1 (Tex. App.–Dallas July 28, 2010, no pet. h.) (mem. op., not designated for publication). Because the trial court did not consider and resolve the merits of Rodriguez's habeas corpus application, we lack appellate jurisdiction. *See Ex parte Hargett*, 819 S.W.2d at 868-69; *see also Cid*, 2001 WL 1002481, at *2 (holding that no appellate jurisdiction exists where the trial court record is devoid of rulings on the substantive merits of the habeas corpus application).

### III. CONCLUSION

We dismiss Rodriguez's appeal for want of jurisdiction.

ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
23rd day of August, 2010.

4