

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00657-CV

**EX PARTE** Demond Depree **BLUNSTON**

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2012-CVK-001377 D2
The Honorable Joe Lopez, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed:  July 24, 2013

DIMISSED FOR LACK OF JURISDICTION

On September 20, 2012, Demond Depree Blunston filed an application for writ of habeas corpus, alleging that he was illegally confined. His application stated that (1) on June 19, 2012, he was charged with capital murder, aggravated assault with a deadly weapon, and aggravated assault against a public servant and (2) bond was set at $3,500,000.00. Because Blunston had been confined for more than ninety days but had not been indicted, his application argued his continued confinement was illegal pursuant to article 17.151 of the Texas Code of Criminal Procedure. His application was given a civil case number and assigned to the 111th Judicial District Court in Webb County, Texas.

The application for writ of habeas corpus was set for a hearing on September 27, 2012. The Sheriff of Webb County was ordered to produce Blunston at the hearing, and the State was ordered

to show cause as to why Blunston should not be released from confinement. The day before the hearing, Blunston was indicted on two counts of capital murder and two counts of aggravated assault on a public servant. His criminal case was assigned to the 49th Judicial District Court in Webb County, Texas. At the hearing on September 27, 2012, the Honorable Joe Lopez stated that Blunston's application for writ of habeas corpus was a "111th case" and that he was "sitting for the 111th." After hearing arguments, Judge Lopez signed an order stating the following:

1. The Court, in its current capacity, sitting for the 111th District Court in a writ of habeas corpus hearing under this cause number (2012CVK001377D2), is without jurisdiction to make a ruling on this request and therefore hereby denies the petitioner's request.

2. Demond Depree Blunston was indicted on two counts of capital murder and two counts of aggravated assault against a public servant on September 26, 2012, one day before the hearing on this matter took place. The indictments were returned to the 49th District Court and have since been filed and are pending in the 49th District Court under Cause No. 2012CR0000674D1.

3. The Court that now has jurisdiction over this case is the 49th District Court under the cause number referenced herein. The pleadings by which this Court can act must be filed in the case under indictment in the 49th District Court.

Judge Lopez concluded his order with the following:

The Court expects the parties to file the appropriate motion in order to have this Court render a decision with unquestionable jurisdiction so that a complete record can be made and perfected with all issues that are involved in such a motion.

Blunston then filed this appeal.

The State argues that we lack jurisdiction over this appeal because the trial court "denied the petition for lack of jurisdiction rather than on its merits." We agree with the State. Our appellate jurisdiction "depends on whether the trial court ruled on the merits of the application for habeas relief, rather than simply ruling on the request for issuance of a writ." *Ex parte Jagneaux*, 315 S.W.3d 155, 156 (Tex. App.—Beaumont 2010, no pet.); *Ex parte Pool*, 71 S.W.3d 462, 465 (Tex. App.—Tyler 2002, no pet.). "Issuing the writ of habeas corpus is not the same as determining the

merits of the habeas claim." *Jagneaux*, 315 S.W.3d at 156. The writ is an order directed to anyone having a person in custody to produce the person at a time and place stated in the order, and to show cause why the person is held in custody. *Id.* "When a court decides the merits of the application, the court is considered to have issued the writ and has rendered a final judgment in the separate habeas corpus action." *Id.* Thus, if the trial court "reaches the merits of the habeas corpus application, its ruling is appealable even if it comes in the form of an order refusing to issue the writ." *Pool*, 71 S.W.3d at 465. "On the other hand, even where it is likely that the trial court's decision not to issue the writ was based, at least in part, on a determination that appellant's claims lacked merit, that alone does not entitle appellant to an appeal." *Id.* Thus, where the record does not show that the trial court ruled on the merits of the application for writ of habeas corpus, we lack jurisdiction over the appeal. *See Ex parte Lewis*, 196 S.W.3d 404, 405 (Tex. App.—Fort Worth 2006, no pet.) (dismissing appeal of trial court's order that dismissed appellant's pretrial application for writ of habeas corpus for lack of prosecution because trial court's order was not a ruling on the merits of his claim); *Ex parte Florance*, No. 05-10-00688-CR, 2010 WL 2927487, at *1 (Tex. App.—Dallas 2010, no pet.) (rejecting appellant's argument that it had appellate jurisdiction over habeas corpus proceeding filed as a civil case and holding that it had no appellate jurisdiction because record did not show trial court considered the merits of the application before denying it).

Here, the trial court's order is clear that the court was not denying Blunston's claim on the merits. And, because an appeal may be taken only from a district court's order that rules on the merits, we conclude that we have no jurisdiction over this appeal. Therefore, this appeal is dismissed for lack of jurisdiction.

Karen Angelini, Justice