**DISMISSED and Opinion Filed February 1, 2021**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00512-CR

### EX PARTE MATTHEW GONZALEZ

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. WX20-90983-X**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Myers

Mathew Gonzalez appeals the trial court's order denying the writ of habeas corpus regarding his pretrial bond. In two issues, appellant contends the trial court erred in holding his bond insufficient and in failing to hold a hearing on his writ application. Concluding we lack jurisdiction, we dismiss the appeal.

### Background

Appellant was arrested for murder. After a Dallas County magistrate set appellant's bond at $200,000, he was released on pretrial bond on December 26, 2019. As a condition of release, he was required to wear an electronic leg monitor.

On March 12, 2020, appellant was indicted for murder. On that same date, the magistrate held appellant's bond insufficient and increased his bond to $500,000. Appellant surrendered himself and was taken into custody. He was confined in the Dallas County jail.

On March 27, 2020, appellant filed a writ application styled "Application for Writ of Habeas Corpus for Bond Reinstatement or Release on Recognizance Due to Jail's Inability to Provide Adequate Covid-19 Precautions and Treatment." In his writ application, appellant asserted that he and his family had been unable to raise sufficient funds to post the increased bond, he has ties to the community and is not a flight risk, he had no trouble while on bond with electronic leg monitoring, and he presented himself to authorities on the date his bond was held insufficient. Appellant did not, however, use such facts to contend that the trial court should reduce his bail under the rules for setting bail set forth in article 17.15 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.15 (defining rules for fixing amount of bail).

Instead, appellant contended that he should be released on a smaller bond or on his own recognizance because his right to due process of law will be violated if he is confined in the Dallas County Jail during the pandemic. Appellant characterizes the jail as overcrowded, understaffed, and underequipped to deal with the pandemic. Citing guidelines from the Center for Disease Control, he contends the county jail constitutes a "mass gathering" in violation of the CDC guidelines. As evidence, he

provides links to a number of internet news stories about the closing of sporting and educational activities in an effort to reduce the number of mass gatherings of people. Appellant's writ application does not contain the required oath that the allegations in the application are true. *See* TEX. CODE CRIM. PROC. ANN. art. 11.14(5).

According to an unsworn declaration filed into the clerk's record by trial counsel, on April 3, 2020, trial counsel emailed the trial court coordinator to ask if the trial court wanted to hold a hearing on appellant's writ application and if so, whether the hearing could be held by videoconference. The court coordinator responded that the trial court wanted only written arguments.

The trial court did not hold a hearing. Instead, on April 15, 2020, the trial court denied the writ without making findings. The order form the trial court used to deny relief contained three possible resolutions with an underlined space beside each potential resolution for the trial court to indicate its choice. The order stated:

> On this day came on to be considered Applicant's Application for Writ of Habeas Corpus to reduce bail and the Court has:
>
> ___ set this matter for hearing on _____2020, or
>
> ___ GRANTED the writ and ORDERS the accused be released on their own recognizance subject to appear as required by the Court.
>
> _X_ DENIED the Writ.

The trial court placed an "X" as indicated and signed the order.

On May 11, 2020, trial counsel filed a letter with the trial court clerk enclosing an email exchange with the trial court coordinator purporting to show he had

requested findings of fact and the coordinator had replied: "From [the trial court]....

Let him know I checked with the staff attorneys, and was informed that I was not

required to do findings for a Writ hearing." (Ellipses in original quotation).

## Jurisdiction

In its brief, the State contends this Court does not have jurisdiction to consider

appellant's appeal because the trial court did not issue the writ and consider and rule

upon the merits of appellant's writ application. The State concedes appellant should

be entitled to a hearing, but it argues this Court is powerless to provide appellant

with an appellate remedy and suggests appellant should present another writ

application to the trial court or else file a petition for writ of mandamus.

Appellant did not address the Court's jurisdiction in his initial brief. In his

reply brief, appellant contends we should presume the trial court adjudicated the

merits when it considered the application because the order does not state anything

to the contrary. Appellant further contends the trial court's selection of an option to

deny the writ rather than one of the other options shows it resolved the application

on the merits. Appellant points to the email exchange about findings between trial

counsel and the trial court coordinator as showing the trial court denied the writ

application on the merits. Finally, appellant argues that the State's proposed

remedies are impractical.

The writ of habeas corpus is an order, directed at the person holding the writ

applicant in custody, to produce the writ applicant at a time and place specified in

the order and explain why the writ applicant should be in custody. *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991), *superceded in part by statute as discussed in Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008); *Ex parte Jagneaux*, 315 S.W.3d 155, 156 (Tex. App.—Beaumont 2010, no pet.). Except for article 11.072 writs not applicable to this appeal, this Court does not have jurisdiction to entertain an appeal when the trial court refuses to issue a writ of habeas corpus and does not address the merits of the writ application. *See Ex parte Villanueva*, 252 S.W.3d 391, 395–97 (Tex. Crim. App. 2008); *Hargett*, 819 S.W.2d at 869; *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983). In determining whether the trial court reached the merits, we review the entire record. *Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd).

Appellant first contends the order shows the trial court ruled on the merits because it states the trial court considered the application and we should presume that consideration included the merits because the order says nothing to the contrary. This Court must indulge every presumption in favor of a trial court's judgment, and recitations in trial court orders and judgments are binding in the absence of direct proof of their falsity. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1985) (op. on reh'g). In this case, however, the order does not express any recitations about the merits of appellant's application to which a presumption could apply. To the contrary, the trial court passed up the option to set the case for hearing and executed the option to deny the writ.

Additionally, case authority suggests we should decline appellant's suggestion to apply a presumption that the order implicitly addresses the merits. Case law makes clear that an appellate court does not have jurisdiction to consider an appeal unless the order and accompanying record expressly show the trial court resolved the merits. *See Hargett*, 819 S.W.2d at 868 (trial court considered merits when it denied issuance of the writ and evidentiary hearing, but addressed merit of each allegation, found allegations without merit, and denied application); *Bowers*, 36 S.W.3d at 936 (dismissing appeal where "[n]either the order—nor anything else in the record before us—reflects that the trial court considered the merits of appellant's petition."); *Purchase v. State*, 176 S.W.3d 406, 407 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (determining court of appeals lacked jurisdiction where record revealed trial court denied writ without hearing evidence or argument regarding applicant's claims and expressed no opinion on merits of claims); *Ex parte Williams*, 200 S.W.3d 819, 820 (Tex. App.—Beaumont 2006, no pet.) (no appeal where trial court denied petition without issuing writ of habeas corpus and conducting hearing); *Ex parte Miller*, 931 S.W.2d 724, 725 (Tex. App.—Austin 1996, no pet.) (per curiam) (no ruling on merits where order stated "The Court, having been presented the writ of habeas corpus . . . is of the opinion that the same should not be Granted, and that no hearing should be set on the Application . . . and the Application is in all things DENIED." [ellipses in original]); *see also Ex parte Lewis*, No. 14-16-00629-CR, 2017 WL 6559647, at *2 (Tex. App.—Houston [14th

Dist.] Dec. 21, 2017, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal where trial court did not hear evidence or argument addressing habeas claims, denied request for evidentiary hearing, and checked box on preprinted habeas judgment form stating "Orders Relief Denied."). In the complete absence of any language in the order addressing the merits of appellant's claims, we decline to apply a presumption that the trial court's order addressed the merits of appellant's writ application. *See Purchase*, 176 S.W.3d at 407.

Secondly, appellant contends the trial court's selection of the option "DENIED the writ" must mean the trial court denied his writ application on its merits given the three choices available on the form. We disagree.

A plain reading of the order indicates the trial court considered appellant's writ application and then chose to deny the writ of habeas corpus. In considering the three options available to the trial court in the order, the choices reflecting a determination on the merits would be to grant the writ outright or to set the matter for a hearing where evidence could be developed. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.08, 11.10 (requiring trial court to set habeas application for hearing); *Jagneaux*, 315 S.W.3d at 156; *see also Ex parte Campos*, No. 14-17-00492-CR, 2017 WL 4797839, at *2 (Tex. App.—Houston [14th Dist.] Oct. 24, 2017, no pet.) (not designated for publication) (concluding no appellate jurisdiction where trial court hand wrote "denied" on form order to set application for hearing). The trial

court chose the one option on the form that did not involve issuing the writ of habeas corpus and setting the case for a hearing on the merits.

Appellant next contends that the record as a whole shows the trial court considered the merits in denying his application. The record does not show the trial court issued the writ of habeas corpus nor does it show the trial court conducted a hearing where the merits of appellant's writ application could be developed. *See Hargett*, 819 S.W.2d at 868. There is no evidence in the record, and the trial court did not issue any findings of fact. The record contains only appellant's unverified assertions in his writ application.[1]

Appellant points to trial counsel's declaration reciting that he had asked the court coordinator about findings of fact and the court coordinator had replied: "From [the trial court].… Let him know I checked with the staff attorneys, and was informed that I am not required to do findings for a Writ hearing." (Ellipses in original quotation). Although appellant filed trial counsel's declaration with the district clerk and had it included in the clerk's record, it was not admitted into evidence in any judicial proceeding before the trial court, and thus is not properly part of the record on appeal. *See Webber v. State*, 21 S.W.3d 726, 731 (Tex. App.—Austin 2000, pet. ref'd). The record shows there was no hearing, no evidence was

---

[1] Appellant's failure to verify the allegations in his writ application does not impact the jurisdiction of the Court. *See Ex parte Golden*, 991 S.W.2d 859, 862 (Tex. Crim. App. 1999). In *Golden*, the court of criminal appeals concluded it could address the merits of the applicant's habeas application because the case presented a sufficient record to show the applicant's entitlement to relief. *See id*.

presented, and no findings of fact were entered. We conclude the record as a whole does not show the trial court addressed the merits of appellant's writ application.

Finally, regarding appellant's contention that the State's proposed remedies for his situation are impractical, we express no opinion about appellant's options. Even if the available options present difficulties, such difficulties do not create jurisdiction in this Court where none exists. *See Williams*, 200 S.W.3d at 820–23 (criticizing, but ultimately following, rule that no appeal lies from trial court's refusal to issue writ of habeas corpus).

Because the trial court did not issue the writ of habeas corpus and decide the merits of appellant's habeas application, we dismiss this appeal for want of jurisdiction. *See Hargett*, 819 S.W.2d at 869; *Bowers*, 36 S.W.3d at 927.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200512F.U05

–9–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE MATTHEW
GONZALEZ

No. 05-20-00512-CR

On Appeal from the Criminal District
Court No. 6, Dallas County, Texas
Trial Court Cause No. WX20-90983-
X.
Opinion delivered by Justice Myers.
Justices Nowell and Goldstein
participating.

Based on the Court's opinion of this date, the appeal from the trial court's
order denying the writ of habeas corpus is **DISMISSED**.

Judgment entered this 1st day of February, 2021.