

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-22-00737-CR

The **STATE** of Texas,
Appellant

v.

Josue Isay **DEL CAMPO-CHAVEZ,**
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 11,797
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: August 2, 2023

AFFIRMED

As part of Operation Lone Star, Josue Isay Del Campo-Chavez, a noncitizen, was arrested for trespassing on private property in Zapata County. He filed an application for writ of habeas corpus seeking dismissal of the criminal charge based on a violation of his state and federal rights to equal protection. After holding an evidentiary hearing, the trial court granted his requested relief. The State appeals. We affirm.

## BACKGROUND

Since March 2021, by the direction of Governor Abbott, the Texas Department of Public Safety has been committed to deterring illegal border crossings by arresting migrants for misdemeanor trespass or felony human smuggling, depending on the circumstances of the arrests. The State has charged the cases into various courts for prosecution. The endeavor is called Operation Lone Star. As part of OLS, Appellee Del Campo was arrested for criminal trespass. *See* TEX. PENAL CODE § 30.05(a). He then filed a pretrial application for writ of habeas corpus, arguing that the State was selectively prosecuting him in violation of his equal protection rights.

At Del Campo's habeas corpus hearing on September 14, 2022, Claudia Molina of the Lubbock Private Defender's Office testified that on August 5, 2022, Del Campo was arrested for criminal trespass as part of OLS. Sergeant Brittany Pacheco of the Segovia Unit in the Hidalgo County Jail testified that Del Campo was released from that jail after being detained there. Release documentation shows that Del Campo was released on a cash bond to the U.S. Border Patrol.

Molina testified as to the process through which an individual who is arrested for criminal trespass under OLS obtains appointment of counsel. According to Molina's testimony, the Lubbock Private Defender's Office ("LPDO") was awarded a grant by the Texas Indigent Defense Commission to appoint counsel to represent individuals who have been brought before a magistrate or are being held at detention facilities because of OLS. That is, when an individual is arrested and brought before a magistrate, his paperwork is sent to the LPDO for appointment of counsel. Molina testified that this review and appointment process includes the OLS cases from six counties: Webb, Jim Hogg, Maverick, Zapata, Kinney, and Val Verde. According to Molina, the primary charge of appointment for the LPDO as to OLS is criminal trespass. They have also been appointed in human smuggling cases. As part of OLS, LPDO first began appointing counsel in the summer of 2021.

Molina testified that she is currently an assignment supervisor for OLS cases and was previously an OLS client advocate. She stated that she has handled over a thousand calls as a client advocate, conducted Zoom meeting with clients, visited clients in jail, and she has observed court proceedings on a weekly basis. She testified that she is unaware of any women who have been prosecuted for misdemeanor trespass as part of OLS.

Molina stated that she also generated a report of OLS cases that were appointed counsel through the LPDO as of Del Campo's hearing. There were a little over six thousand, five thousand of which were misdemeanor trespass cases. None of the misdemeanor trespass cases charged women.

As for Zapata County specifically, the LPDO had begun defending cases there as of August 6, 2022. Molina confirmed that there were no women charged with trespass along with Del Campo or even in the week that he was arrested.

Molina testified that the only OLS cases charging women have been felony human smuggling cases.

The trial court then granted Del Campo's requested relief. The State appealed.

### STANDARD OF REVIEW

"When we review a trial court's decision to grant or deny habeas corpus relief, we view the facts 'in the light most favorable to the trial judge's ruling and should uphold it absent an abuse of discretion.'" *Ex parte Quintana*, 346 S.W.3d 681, 684 (Tex. App.—El Paso 2009, pet. ref'd) (citing *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006)).

### DISCUSSION

In a recent opinion, *Ex parte Aparicio*, we considered the argument that male defendants charged with misdemeanor trespass as part of OLS were being selectively prosecuted along gender lines in violation of their federal and state constitutional rights to equal protection. *See Ex parte*

*Aparicio*, __S.W.3d__, No. 04-22-00623-CR, 2023 WL 4095939, at *1 (Tex. App.—San Antonio June 21, 2023, no pet. h.). We concluded that the appellant had raised a cognizable issue by pretrial writ of habeas corpus and met his burden of showing a prima facie claim for selective prosecution on the basis of gender discrimination. *Id*. at *13. We reversed and remanded for the State to justify the gender discrimination. *Id*. The claims the State asserts in this case mirror the issues we addressed in *Ex parte Aparicio*, and we apply its precedent. For the reasons described in that opinion, we affirm the trial court's judgment. *See id*.

### COGNIZABILITY OF AN AS-APPLIED HABEAS CORPUS CHALLENGE

The State has argued that as-applied constitutional challenges are not cognizable for pretrial habeas corpus relief, citing *Ex parte Perry*, 483 S.W.3d 884 (Tex. Crim. App. 2016). The State concedes three important exceptions to this general rule: double jeopardy, bail, and separation of powers. *See id*. at 896; *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). The reasoning underlying these exceptions directly applies to our conclusion in this and other equal protection appeals that have resulted from OLS cases: "[C]ertain types of as-applied claims may be raised by pretrial habeas because the particular constitutional right at issue in the as-applied challenge is the type that would be effectively undermined if not vindicated prior to trial." *Ex parte Perry*, 483 S.W.3d at 896; *accord Ex parte Aparicio*, 2023 WL 4095939, at *10 (citing *Ex parte Weise*, 55 S.W.3d 617, 619–20 (Tex. Crim. App. 2001)). In *Ex parte Aparicio*, we concluded that the appellant's equal protection claim represented the type of as-applied challenge that would be effectively undermined if not vindicated prior to trial. *See Ex parte Aparicio*, 2023 WL 405939, at *10. Based on our holding in *Ex parte Aparicio*, we overrule the State's first issue. *See Ex parte Aparicio*, 2023 WL 4095939, at *8–11.

**TRIAL COURT'S JURISDICTION TO GRANT HABEAS CORPUS RELIEF IF NO WRIT ISSUED**

The State argues that the trial court had no jurisdiction over the merits of Del Campo's application for habeas corpus relief if it did not first explicitly issue a writ. Del Campo argues that the State failed to preserve the issue and that it is not jurisdictional, i.e., not able to be raised for the first time on appeal. We agree that there is no jurisdictional requirement for the trial court to explicitly issue a writ before ruling on the merits of a petitioner's request for habeas corpus relief. *See Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991), *superseded by statute on other grounds as stated in Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008); *Ex parte Jagneaux*, 315 S.W.3d 155, 156 (Tex. App.—Beaumont 2010, no pet.). In determining that there is no jurisdictional requirement for the trial court to explicitly issue a writ, we have reached and dispelled the crux of the State's argument. *See Ex parte Hargett*, 819 S.W.2d at 869; *Ex parte Jagneaux*, 315 S.W.3d at 156. Accordingly, we need not address Del Campo's waiver argument. The State's second issue is overruled.

**SUFFICIENCY OF THE EVIDENCE**

The State argues that Del Campo was required to demonstrate improper prosecutorial motive and failed to do so. As we noted in *Ex parte Aparicio*, Del Campo carried the burden of demonstrating that his prosecution was motivated by a discriminatory purpose, meaning that "the government's selection of the defendant for prosecution was based on an impermissible consideration…." *See Ex parte Aparicio*, 2023 WL 4095939, at *7. We noted that "[s]electing a defendant for prosecution on the basis of sex is an impermissible consideration." *Id*. Here, contrary to the State's argument, Del Campo met his burden by showing that the State only prosecuted men for misdemeanor trespass under OLS. *See id*. at *12. Based on *Ex parte Aparicio*, we overrule the State's third issue.

**DEPRIVATION OF COUNSEL**

Finally, the State argues against Del Campo's argument to the trial court that he was effectively deprived of counsel because of OLS and his resulting deportation. We need not reach this issue because we uphold the trial court's ruling based on the State's selective prosecution of men for misdemeanor criminal trespass under OLS. *See Ex parte Aparicio*, 2023 WL 4095939; *Ex parte Quintana*, 346 S.W.3d at 684.

**CONCLUSION**

Applying *Ex parte Aparicio*, we conclude that the State failed to demonstrate that the trial court abused its discretion in granting habeas corpus relief for Del Campo. The trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

Publish